IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WOODY INVESTMENTS, LLC

        Plaintiff,

v.　　　　　　　　　　　　　　　　　No. 2:19-cv-00757-GBW-KRS

SOUTHBOUND GAS COMPANY,

        Defendant.

## ORDER GRANTING PLAINTIFF LEAVE TO AMEND AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

**THIS MATTER** comes before the Court *sua sponte*. The Court has reviewed the complaint and determines it is insufficient to allow the Court to fully assess its subject matter jurisdiction. *See Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1013 (10th Cir. 2018) (noting that federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (citation omitted). Rather than dismiss the case without prejudice or issue an order to show cause, the Court will grant Plaintiff leave to amend the pleading.

Federal courts are of limited jurisdiction. Under the federal-diversity statute, the Court may only hear cases where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff's complaint lacks detail in two crucial, jurisdictional aspects—the membership of Plaintiff, a limited liability company, and the principal place of business of Defendant, a corporation. In diversity cases, a limited liability company takes on the citizenship of all its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). In other words, if any member of the limited liability company shares citizenship with the defendant, complete diversity does

not exist. As a result, it is paramount importance to allege the citizenship of each company member. Plaintiff failed to do so here, and the Court cannot meaningfully assess its subject-matter jurisdiction.

In addition, a corporation such as Defendant is "domiciled where it is incorporated and where it has its 'principal place of business[.]'" *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013) (quoting 28 U.S.C. § 1332(c)(1)). A corporation is, therefore, a citizen of *both* the state of incorporation and the state of its principal place of business, if different. *See id.* Plaintiff's complaint alleges, *inter alia*, that Defendant, a Texas corporation, "has a principal place of business located in Roswell." (Doc. 1, ¶ 2). Without any further detail, the Court is left to assume Defendant is also a citizen of New Mexico because a principal place of business exists in the state. Perhaps Defendant does business in New Mexico, but not principally. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (explaining that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"). Nevertheless, as pleaded, the complaint does not make out a plausible case for subjection-matter jurisdiction.

**IT IS, THEREFORE, ORDERED** that Plaintiff is **GRANTED** leave to file amend its pleading. Plaintiff shall file an amended complaint correcting the deficiencies above on or before **September 4, 2019**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE